IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK REYNOLDS, | CIV. NO. 15-00109 JMS-RLP |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT, |
| vs. | DOC. NO. 7 |
| MERRILL LYNCH BASIC LONG TERM DISABILITY PLAN, MERRILL LYNCH SUPPLEMENTAL LONG TERM DISABILITY PLAN, and MERRILL LYNCH & CO., INC, | |
| Defendants. | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT, DOC. NO. 7

### I. INTRODUCTION

Plaintiff Mark Reynolds ("Plaintiff") asserts a single claim against Defendants Merrill Lynch Basic Long Term Disability Plan, Merrill Lynch Supplemental Long Term Disability Plan, and Merrill Lynch & Co., Inc. (collectively, "Defendants" or "Merrill Lynch") for violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), in particular, 29 U.S.C. § 1132(c), based on their failure to respond to Plaintiff's January 2004 request for a copy of his employee benefit plan with Merrill Lynch.

Currently before the court is Defendants' Motion to Dismiss, arguing that Plaintiff's claim is barred by the statute of limitations. Based on the following, the court agrees and GRANTS Defendants' Motion to Dismiss.

## II. BACKGROUND

### A. Factual Background

As alleged in the Complaint, Plaintiff worked for Merrill Lynch for 15 years until 2004 when he became unable to work due to disability. Doc. No. 1-1, Compl. ¶ 14. Plaintiff made a claim for benefits under the Basic and Supplemental Plans (collectively, the "Plan") provided by Merrill Lynch, and was ultimately successful on his claim. *Id.* ¶¶ 23-29.

In the meantime, Plaintiff "first requested a copy of his plan of disability insurance from defendants in January 2004, and made repeated verbal requests afterward. [Plaintiff's] attorney repeated this request [] on December 8, 2004."[1] *Id.* ¶ 30. Plaintiff asserts that he needs copies of the Plan to determine if he was properly paid and what rights his survivors may have. *Id.* ¶ 35. Plaintiff therefore asserts a single claim for "relief pursuant to 29 U.S.C. § 1132(c) based

---

[1] In support of his Opposition, Plaintiff submits an exhibit showing that his counsel requested Plan documents in writing on December 8, 2004. *See* Doc. No. 9-2, Pl.'s Ex. 1. Although the court may consider matters outside the pleadings and convert this Rule 12(b)(6) motion to one for summary judgment, *see Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007), this evidence does not change the court's analysis below that Plaintiff's claim is untimely by several years.

on defendant's failure to timely respond to Mr. Reynold's request for documents," and seeks "penalties of $110/day[2] from January 2004, through the date judgment is entered, pursuant to 29 U.S.C. § 1132(c)," and attorneys' fees. *Id.* ¶ 37; *id.* at Prayer for Relief.

**B.	Procedural Background**

Plaintiff filed this action on March 31, 2015. Defendants filed their Motion to Dismiss on April 23, 2015, Doc. No. 7, Plaintiff filed an Opposition on May 26, 2015, Doc. No. 9, and Defendants filed their Reply on June 2, 2015. Doc. No. 10. Pursuant to Local Rule 7.2(d), the court determines the Motion to Dismiss without a hearing.

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

---

[2] Although the Complaint recites that Plaintiff is seeking $110 per day, 29 U.S.C. § 1132(c) provides the court discretion to grant up to $100 per day for a violation.

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128-29 (9th Cir. 1999)).

That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008). In making this determination, the court must accept as true all of the allegations contained in the complaint, except for legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must then determine, based on the complaint's factual allegations, "whether the running of the statute is apparent on the face of the complaint." *Huynh v.*

*Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal quotation marks and citations omitted).

## IV. **DISCUSSION**

ERISA's 29 U.S.C. § 1024(b)(4) provides that the administrator of a benefits plan "shall, upon written request of any participant or beneficiary, furnish a copy of [plan documents]."[3] In turn, 29 U.S.C. § 1132(c)(1) provides that if an administrator fails to comply with such request within thirty days, the court has discretion to hold the administrator liable for up to $100 a day:

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

---

[3] In full, § 1024(b)(4) provides:
> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

Section 1132 does not provide its own statute of limitation, and as a result, "courts must apply the most analogous statute of limitation under state law." *Stone v. Travelers Corp.*, 58 F.3d 434, 438 (9th Cir. 1995). Here, the parties agree that the most analogous statute of limitation under Hawaii law is Hawaii Revised Statutes ("HRS") § 657-1, which provides a six-year statute of limitation for "personal actions of any nature whatsoever not specifically covered by the laws of the State." *See* Doc. No. 7, Def.'s Mot. at 5; Doc. No. 9, Pl.'s Opp'n at 13. The parties disagree, however, as to when Plaintiff's claim accrued.

Defendants argue that the court should follow the plain language of 29 U.S.C. § 1132(c) to find that Plaintiff's claim accrued 30 days after Plaintiff made his January 2004 written request for Plan documents such that this action, filed over ten years later, is time-barred. The court agrees.

Based on the plain language of § 1132(c)(1), an ERISA claim for non-disclosure accrues when an administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . within 30 days after such request." After thirty days, a claimant "know[s] of all the material facts relevant to [his § 1132(c)(1)] claim," and therefore is on notice to bring an action. *Tritt v. Automatic Data Processing, Inc. Long Term Disability Plan Adm'r*, 2008 WL

2228841, at *7 n.11 (D. Conn. May 27, 2008). And given this plain language, numerous courts have determined that a § 1132(c)(1) claim based on a failure to disclose plan documents accrues thirty days after the administrator fails to respond to the request. *See, e.g.*, *id.* at *7; *Walker v. Pharm. Research & Mfrs. of Am.*, 827 F. Supp. 2d 8, 13 (D.D.C. 2011) (stating that a § 1132(c) claim accrues "when '(1) a plaintiff makes a demand for information to which [she] is entitled under ERISA; and (2) the defendant fails to supply the requested information within thirty days of the demand'" (quoting *Gregorovich v. E.I. du Pont de Nemours*, 602 F. Supp. 2d 511, 517 (D. Del. 2009))); *Hakim v. Accenture U.S. Pension Plan*, 656 F. Supp. 2d 801, 823 (N.D. Ill. 2009) ("Plaintiff's § 502(c)(1) claim based on his July 29, 2003 request for information accrued when Defendants failed to provide the requested information thirty days after the request was made."); *Hemphill v. Estate of Ryskamp*, 619 F. Supp. 2d 954, 975 (E.D. Cal. 2008) *modified sub nom. Hemphill v. Pers. Representative of Estate of Ryskamp*, 2008 WL 1696722 (E.D. Cal. Apr. 8, 2008) (applying accrual rule to determine that some claims were time-barred); *Valentino v. Cont'l Cas. Co.*, 2000 WL 33341979, at *2 (W.D. Pa. June 29, 2000) (setting forth accrual rule).

In opposition, Plaintiff argues that 29 U.S.C. § 1132(c)'s daily penalty suggests that a claim accrues "only when there is an express and

unequivocal denial of benefits sought, even if that denial takes a decade or more."
Doc. No. 9, Pl.'s Opp'n at 12. Plaintiff reasons that to hold otherwise "would require a beneficiary to renew her/his request daily to present his/her penalty claim, which would be unduly burdensome and, frankly, absurd." Doc. No. 9, Pl.'s Opp'n at 10. As an initial matter, Plaintiff's reasoning is flawed -- Plaintiff ignores that he had up to six years to bring an action. Thus, Plaintiff's proposed interpretation would lead to an "absurd" result -- a claimant could wait any amount of time after an administrator fails to provide plan documents (in this case, over 10 years), and then bring an action seeking $100 a day for that entire time. Such a rule would provide a perverse incentive to wait a decade or longer to bring suit.

More importantly, Plaintiff ignores the plain terms of § 1132(c) and fails to cite to *any* caselaw interpreting § 1132(c) as he proposes. Instead, Plaintiff cites to cases addressing claims for denial of benefits under § 1132(a)(1)(B), which are readily distinguishable. Specifically, *Withrow v. Bache Halsey Stuart Shield, Inc.*, 655 F.3d 1032, 1037 (9th Cir. 2011), and *Wise v. Verizon Communications, Inc.*, 600 F.3d 1180, 1188 (9th Cir. 2010), both held that a claim based on denial of benefits under § 1132(a)(1)(B) accrues "either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." These cases further explain that "[a] claimant has a 'reason to

8

know' under the second prong of our accrual test when the plan communicates a 'clear and continuing repudiation of a claimant's rights under a plan such that the claimant could not have reasonably believed but that his [or her] benefits had been finally denied.'" *Wise*, 600 F.3d at 1188 (quoting *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006)); *Withrow*, 655 F.3d at 1036. But this case is not a denial of benefits case. Rather, § 1132(c)(1) sets a clear time limit for an administrator to respond to a request for plan documents (30 days), and once this time limit elapses, Plaintiff "know[s] all of the material facts relevant to this claim." *See Tritt*, 2008 WL 2228841, at *7 n.11.

The court further rejects Plaintiff's suggestion that the continuing violation doctrine applies to his § 1132(c)(1) claim. "Under such theory, the statute of limitations does not begin to run until the last breach occurs. If the violations are continuing at the time of the filing of the complaint, then the statute has not begun to run." *Piscotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1332 (9th Cir. 1996). In this action, there is only one alleged ERISA violation -- the failure to provide Plan documents in response to a written request -- and any alleged ongoing harm caused by such violation is not a basis for applying this doctrine. *See Pierce v. Visteon Corp.*, 2007 WL 2986123, at *4 (S.D. Ind. Oct. 9, 2007) (rejecting that doctrine applied to § 1132(c) claim, explaining that "[i]t is this

single act [of failing to provide documents] that gives rise to the statutory *per diem* or to the statutory right to receive additional damages that are the natural consequence of the violation; it is not 'a numerous and continuous series of events' that triggers application of the damages statute"); *see also Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) (en banc) ("[A] continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." (quotations omitted)).

In sum, the court finds that Plaintiff's claim accrued thirty days after Plaintiff made his written request for Plan documents and Defendants failed to provide the requested information. As alleged in the Complaint, Plaintiff "first requested disability insurance from defendants in January 2004, and made repeated verbal requests afterward." Doc. No. 1-1, Compl. ¶ 30. Verbal requests are not a proper basis of Plaintiff's claim -- 29 U.S.C. § 1024(b)(4) requires an administrator to provide plan documents only in response to a *written* request. *See, e.g.*, *Proctor v. N. Lakes Cmty. Mental Health Auth.*, 2012 WL 3637604, at *4 (W.D. Mich. Aug. 22, 2012) (dismissing claim where there was "no evidence at all of a written request from Plaintiff for any kind of life insurance information"); *Tracey v. Heublein, Inc.*, 772 F. Supp. 726, 728 (D. Conn. 1991) (finding that failure to make written request for benefit information pursuant to § 1025(a)

precluded recovery pursuant to § 1132(c)). Thus, accepting the Complaint's allegations as true, Plaintiff's claim accrued thirty days after the January 2004 written request. That this action, filed ten years later, is time-barred is apparent from the face of the Complaint. *See Seven Arts Filmed Entm't Ltd.*, 733 F.3d at 1254.

The court therefore GRANTS Defendants' Motion to Dismiss. In granting Defendants' Motion, the court recognizes that leave to amend a pleading should be granted where such amendment would not be futile. The court finds that amendment would be futile in this case -- Plaintiff proffers no facts in his Opposition that would state a timely claim for violation of § 1132(c), suggesting that he made no written requests for Plan documents within six years of filing this action. Indeed, Plaintiff submitted documents in support of his Opposition (which the court did not consider in determining the merits of Defendants' Rule 12(b)(6) Motion), suggesting that he made an additional written request in December 2004, but no others. *See* Doc. No. 9-2, Pl.'s Ex. 1. Even if Plaintiff had alleged such fact in his Complaint, it would not make his claim timely. And there is simply no reason to believe that any new facts could possibly cure the pleading. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*,

770 F.3d 834, 845 (9th Cir. 2014).  This dismissal is therefore without leave to amend.

## V.  CONCLUSION

Based on the above, the court GRANTS Defendants' Motion to Dismiss, without leave for Plaintiff to amend.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 19, 2015.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Reynolds v. Merrill Lynch Basic Long Term Disability Plan et al.*, Civ. No. 15-00109 JMS-RLP, Order Granting Defendants' Motion to Dismiss Complaint, Doc. No. 7